## YOUNG *a.* THE NEW YORK AND LIVERPOOL UNITED STATES MAIL STEAMSHIP COMPANY.

*Supreme Court, First District; General Term, Nov.,* 1861.

CONSTRUCTION OF STATUTES.—PLEADING JOINT LIABILITY.—STOCK-HOLDERS.—ACCOUNTING.

Under a statute declaring that stockholders shall be "severally individually liable" to the creditors of a corporation to an amount equal to their stock, an action will not lie in favor of a creditor against the stockholders jointly, to have an accounting, and payment from each as may be proved liable.

In an action against stockholders of a corporation to charge them with a statute liability for debts of the corporation, the complaint must show that the defendants were such stockholders at the time the debt was contracted.

Appeal from an order sustaining demurrer to the complaint.

This action was brought by John S. Young, Charles M. Davidson, and James S. King, against the New York and Liverpool United States Mail Steamship Company, Richard Shell, John H. Coley, the New York Balance Dock Company, James Brown, Stewart Brown, James M. Brown, and William Brown, as trustees, and numerous others, for an accounting and the payment of a judgment against the steamship company, in favor of the plaintiffs, for $2528.52. There was a similar action against the same defendants by John W. Cooper and John B. Cooper, also judgment-creditors. The two actions were argued and determined together. The complaint in the first action was substantially as follows :

The plaintiffs commence this action in behalf of themselves and such creditors of the New York and Liverpool United States Mail Steamship Company as may choose to participate therein, and respectfully allege—

That in the year one thousand eight hundred and forty-nine, an act or statute of the State of New York was passed, entitled "An act to incorporate the New York and Liverpool United States Mail Steamship Company, passed April 11, 1849," under and by virtue of which the said corporation was created.

That after the passage of said act the corporation thereby created proceeded to organize themselves in the manner prescribed in said act, and commenced the business designated in said act. That in the years 1856, 1857, and 1858, the said corporation did business as such corporation in the city of New York. That some time in the year 1858 the said corporation discontinued their business. That the plaintiffs are informed and believe, that in the year 1858 all of the property of said corporation was sold or otherwise disposed of, and the said corporation suspended business, owing sundry debts which still remain unpaid.

The plaintiffs are informed and believe, that when the said

corporation suspended business, in the year 1858, the stockholders in said corporation consisted of the following persons :

[Here followed the names of the defendants Brown and others, in all fifty-three.]

The plaintiffs are informed and believe, that the whole amount of the capital stock of said corporation was never paid in, and a certificate thereof made and recorded, as prescribed in the twelfth section of said act.

The plaintiffs allege, that by reason of said omission or failure, the stockholders of said corporation are individually liable to the creditors of said corporation, to an amount equal to the amount of stock held by such stockholders respectively, for all debts and contracts made by said corporation, in the manner specified in said act.

The plaintiffs allege, that during the years 1856 and 1857 they sold and delivered to said corporation, in the city of New York, divers quantities of ship-bread, flour, crackers, and similar articles, as supplies for the steamships or vessels of said corporation, at credits of less than one year on each of said sales, and that on the 1st of November, 1857, the said corporation owed the plaintiffs therefor the sum of two thousand four hundred and fifty-six dollars and twenty-seven cents, and said debt was then due and payable.

The plaintiffs allege, that on the 10th of February, 1858, they commenced an action in this court against said corporation to recover upon said indebtedness, and such proceedings were had therein that on the 3d of March, 1858, the plaintiffs recovered a judgment thereon for the sum of two thousand five hundred and twenty-eight dollars and fifty-two cents. The said judgment was duly made or given, and now remains of record in this court.

That on the 3d of March, 1858, the plaintiffs issued and delivered to the sheriff of the city and county of New York an execution upon said judgment against the property of said corporation, to obtain payment and satisfaction of said judgment. That said sheriff has returned said execution wholly unsatisfied and unpaid, and said execution, with such return thereon, remains on file in the county clerk's office of the city and county of New York.

The plaintiffs are informed and believe, that all of their said

72          ABBOTTS' PRACTICE REPORTS.

Young *a.* The New York and Liverpool United States Mail Steamship Co.

proceedings against said corporation, to obtain payment of said debt, are regular and according to the course and practice of this court.

The plaintiffs allege that the said corporation still remains actually and justly indebted to the plaintiffs as above stated in the sum of two thousand five hundred and twenty-eight dollars and fifty-two cents, together with interest thereon since the rendition of said judgment, and that said corporation has no visible property out of which the plaintiffs can obtain payment of said debts, or any part thereof.

The plaintiffs allege, that they find upon the record of the courts in this State various judgments obtained within the past two years against said corporation, and appearing to be unpaid.

That the following named persons appear to be owners of said judgments:

[Here followed the names of fifty-nine other defendants.]

The plaintiffs cannot ascertain whether the above judgments comprise all the claims against said corporation for which the stockholders are liable, and ask for discovery on that subject, and to amend if necessary.

The plaintiffs cannot state what amount is due upon said last-mentioned judgments, or which of said judgments constitute claims against said stockholders personally. But the plaintiffs are informed and believe, that some of said judgments constitute claims against said stockholders, to be paid by said stockholders out of their individual property.

The plaintiffs allege, that they have no information as to the amounts (if any) which any individual stockholder has paid upon debts of said corporation, which said stockholder was liable personally to pay, and that they cannot sue any individual stockholder to obtain satisfaction of said judgment against said corporation with any reasonable certainty that such stockholder is liable to the plaintiffs upon this debt.

Wherefore the plaintiffs respectfully pray that an account may be taken by this court, to ascertain and determine all the debts owing by said corporation, for the payment of which the stockholders are personally liable. And also to ascertain and determine the amount which each of said stockholders is liable to pay upon said debts.

Young *a*. The New York and Liverpool United States Mail Steamship Co.

The plaintiffs respectfully pray, that until said accounting shall have been had, the said stockholders may be restrained and enjoined from paying to any creditor of said corporation any debts due from said corporation.

The plaintiffs pray that a judgment be given in this action that said stockholders each pay into court such sum respectively as by such accounting he may be found liable to pay, and that the plaintiffs, out of said money, have satisfaction of their said judgment against said corporation, together with the costs of this action. And that any other creditor of said corporation who is entitled to participate in said money, may have the like relief, or such other or further relief as the court may direct.

Various demurrers were interposed to this complaint, all objecting that the complaint did not state facts sufficient to constitute a cause of action, and several that there was a misjoinder of causes of action, and defect of parties. The demurrers were tried before Mr. Justice Hogeboom, who sustained the same. (10 *Abbotts' Pr.*, 229.)

The plaintiffs appealed.

*William Curtis Noyes,* for the appellants.

*Clarkson N. Potter,* for the respondents.—I. It does not appear plaintiffs brought their action against the company within one year after their debt became due. They made various sales in 1856. They began their suit, February 10, 1857. All their sales payable prior to February 10, 1856, they cannot recover of stockholders for.

II. But if it were otherwise, this action would not lie. The defendants' liability, if any, to the plaintiffs, arises under the act of incorporation, section 11, which provides that the stockholders shall be "severally individually liable" to the creditors of the company to an amount of stock in their names, &c. Severally is not jointly, and relates rather to the plaintiffs' *remedy* than their *right.* No authority or indication is given by the statute that a joint suit, or any suit looking to a general accounting, can be sustained. The whole theory of the statute is, that a creditor shall first exhaust his remedy against the property of the company by sequestration, then resort to the liability of the stockholders to make up the deficiency. (3 *Rev. Stat.*,

5 ed., 766, § 58.) This bill has nothing of the kind in it. There is no application to sequestrate the property of the corporation, even as incidental to a general accounting. No proceeding to exhaust its property first. Had it been such a suit, it would have been multifarious and improper. It joins parties without its appearing whether they held stock at the time the plaintiffs' debt was contracted. (Judson *a.* Rossie Galena Co., 1 *Paige*, 598.) And had it been in proper form in this respect, against stockholders jointly and severally, it would still have been improper. (*Ib.*) The omission to show this would wholly deprive the plaintiff of his *locus standi.* It is an absolute prerequisite to a recovery, that the defendants should be stockholders at that time. If it were a bill to account it would not lie. Bills to account must be between privies in estate, contract, or interest. These stockholders are neither. No contract has been made; no estate is in question; no joint interest exists, for they are liable, if at all, "severally individually" to the creditors.

III. So far as it purports to be a bill for accounting, it ought not to lie. The question is not what rights the other judgment-creditors have, but what is the plaintiffs' standing. They cannot have any, so far as they seek to recover their debt (which is their sole basis for any claim) in this way. The method is prescribed by the statute itself. The statute of sequestration of corporations clearly points out, that the receiver, as officer of the court, stands charged with the duty of settling the affairs of an insolvent corporation. The act of incorporation of the steamship company, comes in aid of the first statute, and simply gives additional guaranties to creditors, assets to the company, and power to the receiver. It is better that this power of the court, now so thoroughly understood and elaborated, should be exercised, than that the unfortunate stockholders, or equally unfortunate creditors, should be subjected to the multiplied suits, proceedings, orders, and counter-orders, which have been brought against the defendants above-named. There being at least six bills in equity, and as many suits at law, to accomplish the result here sought.

IV. But the defendants Brown are trustees. They are not liable, but only their trust-fund. Can they be sued without notice; without payment demanded; without being asked to disclose whether their trust still exists, or the liability of the

fund under this charter has been exhausted, or any averment that they have funds in their hands? And surely they cannot be included in a general· suit like this. (Alger *a.* Scoville, 6 *How. Pr.*, 131.) Nor a suit be brought against them as trustees and individuals at the same time. (Landau *a.* Levy, 1 *Abbotts' Pr.*, 376; McMahon *a.* Allen, 3 *Ib.*, 89; Latting *a.* Latting, 4 *Sandf. Ch.*, 31.) Here are three suits against stockholders, whose liability is charged from mere omission to file a certificate—a liability—simply legal and· statutory—to have these suits commenced without inquiry or notice of demand; to recover in some way unauthorized by statute, or to find out what could have been had by asking, thus swelling costs to no end, is surely most unjust.

V. It is not charged that these defendants were stockholders when the debt was contracted—if not, they are not liable. (Moss *a.* Oakley, 2 *Hill*, 265; Adderly *a.* Storm, 6 *Ib.*, 624; Tracy *a.* Yates, 18 *Barb.*, 152, 155.) Nor is this doctrine reversed in McCullough *a.* Moss (5 *Den.*, 567).

BY THE COURT.—The defendants were not jointly liable in this action.

The complaint should also show that they were stockholders when the debt was contracted.

Judgment affirmed, with costs in both cases.